**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI, GREENVILLE DIVISION**

ACE AMERICAN INSURANCE
COMPANY, AS SUBROGEE OF SW
GAMING, LLC, D/B/A HARLOW'S CASINO
AND RESORT,

    Plaintiff,

v.                            Civil Action No.: 4:11-CV-146-P-V

E. CORNELL MALONE CORPORATION
D/B/A MALONE ROOFING, LLC,

    Defendant.

**ANSWER OF DEFENDANT, CLASSIC HOMES, LLC OF DESOTO, TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, E. Cornell Malone Corporation d/b/a Malone Roofing, LLC (hereinafter referred to as "Malone"), through counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, responds to the Complaint of Plaintiff, Ace American Insurance Company, as subrogee of SW Gaming, LLC d/b/a Harlow's Casino (hereinafter referred to as "Plaintiff"), as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant and should, therefore, be dismissed.

**SECOND DEFENSE**

For Answer to the separately numbered paragraphs of Plaintiff's Complaint, Malone states as follows:

1. Malone admits that jurisdiction appears to be proper in this Court.

2. Malone admits that venue appears to be proper in this Court.

3. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 3 of Plaintiff's Complaint and, therefore, denies same.

4. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 of Plaintiff's Complaint and, therefore, denies same.

5. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of Plaintiff's Complaint and, therefore, denies same.

6. Malone admits the allegations contained in ¶ 6 of Plaintiff's Complaint.

7. Malone admits that it is a roofing contractor involved in the installation of commercial roofing systems in Mississippi. Malone denies all remaining allegations contained in ¶7 of Plaintiff's Complaint.

8. Malone admits that Harlow's Casino entered into an agreement with P. Gerald Foote & Associates and KBA, Incorporated/Architects for said architects to provide architectural services associated with the construction of a hotel owned by Harlow's Casino located at 4520 Highway 82 West, Greenville, Mississippi. Malone is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 8 of Plaintiff's Complaint and, therefore, denies same.

9. Malone admits the allegations contained in ¶ 9 of Plaintiff's Complaint.

10. Upon information and belief, Malone admits the allegations contained in ¶ 10 of Plaintiff's Complaint.

11. Malone states that the architectural drawings speak for themselves, and denies any and all allegations contained in ¶ 11 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of said documents.

12. Malone admits the allegations contained in ¶ 12 of Plaintiff's Complaint.

13. Malone admits that it issued a Change Order Proposal #0763-1 to Shaker (at the request of Shaker) on or about March 20, 2007, and states that said Change Order Proposal speaks for itself. Malone denies any allegations contained in ¶ 13 of the Complaint that are inconsistent with and/or beyond the scope of the Change Order Proposal.

14. Malone states that the Change Order Proposal speaks for itself, and denies any and all allegations contained in ¶ 14 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of said document.

15. Malone admits the allegations contained in ¶ 15 of the Complaint.

16. Malone states that it performed its work in accordance with the Change Order Proposal, and denies any and all allegation contained in ¶ 16 of the Complaint that are inconsistent with same.

17. Malone states that it performed its work in accordance with the Change Order Proposal, and denies any and all allegation contained in ¶ 16 of the Complaint that are inconsistent with same, including but not limited to the allegation that it installed a "wood nailer" which was not part of its scope of work. Said "wood nailer" was installed by someone or some entity other than Malone.

18. Malone states that it performed its work in accordance with the Change Order Proposal, and denies any and all allegation contained in ¶ 18 of the Complaint that are inconsistent with same. Malone denies that it constructed or installed any "wood nailer" as

alleged in ¶ 18 of the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone. Malone admits only that the roof membrane was to be attached to the "wood nailer."

19. Malone states that it performed its work in accordance with the Change Order Proposal, and denies any and all allegation contained in ¶ 19 of the Complaint that are inconsistent with same. Malone denies that it constructed or installed any "wood nailer" as alleged in ¶ 19 of the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

20. Malone states that it performed its work in accordance with the Change Order Proposal, and denies any and all allegation contained in ¶ 20 of the Complaint that are inconsistent with same. Malone denies that it constructed or installed any "wood nailer" as alleged in ¶ 20 of the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

21. Malone states that it performed its work in accordance with the Change Order Proposal, and denies any and all allegation contained in ¶ 21 of the Complaint that are inconsistent with same. Malone denies that it constructed or installed any "wood nailer" as alleged in ¶ 21 of the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone. Malone admits that it issued a "Guarantee" on January 4, 2008, and states that said document speaks for itself.

22. Malone states that it performed within its scope of work referenced in the Change Order Proposal and in accordance with product manufacturer standards and specifications in

effect at the time of installation. Malone denies allegations contained in ¶ 22 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of same.

23. Malone states that it performed within its scope of work referenced in the Change Order Proposal and in accordance with product manufacturer published standards and specifications in effect at the time of installation. Malone denies allegations contained in ¶ 23 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of same. Malone further denies that it constructed or installed any "wood nailer" as alleged in the Complaint, and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

24. Malone states that it performed within its scope of work referenced in the Change Order Proposal and in accordance with product manufacturer standards and specifications in effect at the time of installation. Malone denies allegations contained in ¶ 23 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of same. Malone further denies that it constructed or installed any "wood nailer" as alleged in the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

25. Malone states that it performed within its scope of work referenced in the Change Order Proposal and in accordance with product manufacturer standards and specifications in effect at the time of installation. Malone denies allegations contained in ¶ 25 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of same. Malone further denies that it constructed or installed any "wood nailer" as alleged in the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not

properly pled against Malone. Malone further states that the Firestone TPO Design Guide speaks for itself.

26. Malone states that it performed within its scope of work referenced in the Change Order Proposal and in accordance with product manufacturer standards and specifications in effect at the time of installation. Malone denies allegations contained in ¶ 26 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of same. Malone further denies that it constructed or installed any "wood nailer" as alleged in the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

27. Malone states that it performed within its scope of work referenced in the Change Order Proposal and in accordance with product manufacturer standards and specifications in effect at the time of installation. Malone denies allegations contained in ¶ 27 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of same. Malone further denies that it constructed or installed any "wood nailer" as alleged in the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone. Malone further avers that the Firestone EPDM Design Guide speaks for itself.

28. Malone states that it performed within its scope of work referenced in the Change Order Proposal and in accordance with product manufacturer standards and specifications in effect at the time of installation. Malone denies allegations contained in ¶ 28 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of same. Malone further denies that it constructed or installed any "wood nailer" as alleged in the Complaint and asserts that any

and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

29. Upon information and belief, there are no standards prescribed by the National Roofing Contractors Association (NRCA); accordingly, Malone denies all such allegations contained in ¶ 29 of the Complaint. Malone denies that it violated any best practice recommendation(s) of the NRCA or any standard or guide that may have been adopted or recommended by the NRCA. Malone further denies that it installed the "wood nailer" as alleged in ¶ 29 Plaintiff's Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

30. Malone denies the allegations contained in ¶ 30 of the Complaint.

31. Malone states that it performed within its scope of work referenced in the Change Order Proposal and in accordance with all product manufacturer standards and specifications, applicable industry standards, and all applicable building codes in effect at the time of installation. Malone denies allegations contained in ¶ 31 of Plaintiff's Complaint that are inconsistent with and/or beyond the scope of same.

32. Malone states that the 1997 Standard Building Code ("SBC") was in effect in Greenville, Mississippi, until October 18, 2007, at which time the International Building Code, 2003 Edition ("IBC"), was adopted in Greenville, Mississippi. Malone further admits that the project drawings reference compliance with the IBC. Malone denies any allegations contained in ¶3 2 that are inconsistent with and/or beyond the scope of the above.

33. Malone denies the allegations contained in ¶ 33 of the Complaint.

34. Malone avers that the Section(s) of the SBC referenced in ¶ 34 of the Complaint speak for themselves, and Malone denies any and all allegations contained in ¶ 34 of the

Complaint that are inconsistent with the plain language of said Section(s). Malone denies that it violated any provision of the SBC, including, but not limited to, the Section(s) referenced in ¶ 34 of the Complaint.

35. Malone avers that the Section(s) of the SBC referenced in ¶ 35 of the Complaint speak for themselves, and Malone denies any and all allegations contained in ¶ 35 of the Complaint that are inconsistent with the plain language of said Section(s). Malone denies that it violated any provision of the SBC, including, but not limited to, the Section(s) referenced in ¶ 35 of the Complaint.

36. Malone avers that the Section(s) of the SBC and the American Society of Civil Engineers Standard 7 referenced in ¶ 36 of the Complaint speak for themselves, and Malone denies any and all allegations contained in ¶ 36 of the Complaint that are inconsistent with the plain language of said Section(s). Malone denies that it violated any provision of the SBC or American Society of Civil Engineers Standard 7, including, but not limited to, the Section(s) referenced in ¶ 36 of the Complaint.

37. Malone avers that the Section(s) of the SBC referenced in ¶ 37 of the Complaint speak for themselves, and Malone denies any and all allegations contained in ¶ 37 of the Complaint that are inconsistent with the plain language of said Section(s). Malone denies that it violated any provision of the SBC, including, but not limited to, the Section(s) referenced in ¶ 37 of the Complaint.

38. Malone avers that the Section of the IBC referenced in ¶ 38 of the Complaint speaks for itself, and Malone denies any and all allegations contained in ¶ 38 of the Complaint that are inconsistent with the plain language of said Section. Malone denies that it violated any

provision of the IBC, including, but not limited to, the Section referenced in ¶ 38 of the Complaint.

39. Malone avers that the Section(s) of the IBC referenced in ¶ 39 of the Complaint speak for themselves, and Malone denies any and all allegations contained in ¶ 39 of the Complaint that are inconsistent with the plain language of said Section(s). Malone denies that it violated any provision of the IBC, including, but not limited to, the Sections referenced in ¶ 39 of the Complaint.

40. Malone avers that the Section(s) of the IBC, the SBC, and the project drawings referenced in ¶ 40 of the Complaint speak for themselves, and Malone denies any and all allegations contained in ¶ 40 of the Complaint that are inconsistent with the plain language of said Section(s). Malone denies that it violated any provision of the IBC, the SBC, and/or the project drawings including, but not limited to, the Sections referenced in ¶ 40 of the Complaint.

41. Malone avers that the Section(s) of the IBC, the SBC, and the project drawings referenced in ¶ 41 of the Complaint speak for themselves, and Malone denies any and all allegations contained in ¶ 41 of the Complaint that are inconsistent with the plain language of said Section(s). Malone denies that it violated any provision of the IBC, the SBC, and/or the project drawings including, but not limited to, the Sections referenced in ¶ 41 of the Complaint.

42. Upon information and belief, Malone admits that an Act of God caused damage to the roofing system of the subject building on or about February 24, 2011. Malone denies all remaining allegations contained in ¶ 42 of the Complaint.

43. Malone denies all allegations contained in ¶ 43 of the Complaint.

44. Upon information and belief, Malone admits that an Act of God caused damage to the roofing system of the subject building on or about February 24, 2011, which resulted in water intrusion. Malone denies all remaining allegations contained in ¶ 42 of the Complaint.

45. Malone denies the allegations contained in ¶ 45 of the Complaint and demands strict proof thereof.

46. Malone denies the allegations contained in ¶ 46 of the Complaint and demands strict proof thereof.

47. Malone denies the allegations contained in ¶ 47 of the Complaint and demands strict proof thereof.

48. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 48 of Plaintiff's Complaint and, therefore, denies same.

49. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 49 of Plaintiff's Complaint regarding the results of the investigation performed by Plaintiff and, therefore, denies same. Malone further denies that it constructed or installed any "wood nailer" as alleged in ¶ 49 of the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

50. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 50 of Plaintiff's Complaint regarding the results of the investigation performed by Plaintiff and, therefore, denies same. Malone further denies that it constructed or installed any "wood nailer" as alleged in ¶ 50 of the Complaint and asserts that any and all allegations regarding the construction and/or installation of the "wood nailer" are not properly pled against Malone.

51. Malone denies the allegations contained in ¶ 51 of the Complaint.

52. Malone denies the allegations contained in ¶ 52 of the Complaint.

53. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 53 of Plaintiff's Complaint concerning its submission of a claim by its insured and, therefore, denies same. Malone further denies that any damages sustained by Plaintiff's insured were caused by Malone.

54. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 54 of Plaintiff's Complaint and, therefore, denies same.

55. Malone is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 55 of Plaintiff's Complaint and, therefore, denies same.

56. Malone denies the allegations contained in ¶ 56 of the Complaint.

57. Malone incorporates by reference its responses to ¶¶ 1 – 56 of Plaintiff's Complaint as if set forth specifically herein.

58. Malone denies Plaintiff's characterization of the duty of care owed by Malone to Harlow's to the extent that said allegations are inconsistent with Mississippi law. Malone further denies that it breached any applicable duty of care.

59. Malone denies the allegations contained in ¶ 59 of the Complaint, including all sub-parts thereto.

60. Malone denies the allegations contained in ¶ 60 of the Complaint, denies that it caused any of the damages alleged in the Complaint, and denies that Plaintiff is entitled to any relief whatsoever from it.

Malone denies the allegations contained in the unnumbered paragraph of the Complaint following ¶ 60 that begins with the phrase "WHEREFORE, ACE demands…," denies that it

caused any of the damages alleged in the Complaint, and denies that Plaintiff is entitled to any relief whatsoever from it.

61. Malone incorporates herein by reference its responses ¶¶ 1 – 60 of Plaintiff's Complaint as if set forth specifically herein.

62. Upon information and belief, Malone admits the allegations contained in ¶ 62 of the Complaint.

63. Malone states that ¶ 63 of the Complaint is vague, ambiguous and unintelligible. On the basis of these objections, Malone denies the allegation contained in ¶ 63 of the Complaint. Malone further states that it complied with the applicable building codes in performing its scope of work referenced in the aforementioned Change Order Proposal.

64. Malone denies the allegations contained in ¶ 64 of the Complaint.

65. Malone denies the allegations contained in ¶ 65 of the Complaint.

66. Malone denies the allegations contained in ¶ 66 of the Complaint.

67. Malone denies the allegations contained in ¶ 67 of the Complaint.

68. Malone denies the allegations contained in ¶ 68 of the Complaint.

69. Malone denies the allegations contained in ¶ 69 of the Complaint.

70. Malone denies the allegations contained in ¶ 70 of the Complaint.

Malone denies the allegations contained in the unnumbered paragraph of the Complaint following ¶ 70 that begins with the phrase "WHEREFORE, ACE demands…," denies that it caused any of the damages alleged in the Complaint, and denies that Plaintiff is entitled to any relief whatsoever from it.

71. Any and all allegations and requests for relief not heretofore admitted or denied are hereby denied as if set forth specifically herein.

**THIRD DEFENSE**

Malone avers that the incident in question was proximately caused by one or more third parties over whom Malone had no control or right of control. Malone states that Shaker Construction and/or one of its other presently unidentified subcontractors installed the wood blocking and/or "wood nailer" Plaintiff contends was defective. Malone further identifies P. Gerald Foote & Assoc., KBA, Inc., SW Gaming, LLC, Churchill Downs, and Advanced Roofing as potential fault parties.

**FOURTH DEFENSE**

Malone avers that the damages and/or losses alleged by Plaintiff herein, if any, were directly and proximately caused, or in the alternative contributed to, by the acts, omissions and acts of negligence of one or more of the other entities not named in this lawsuit. Malone states that Shaker Construction Group, LLC and/or one of its other presently unidentified subcontractors installed the wood blocking and/or "wood nailer" that Plaintiff contends was defective. Malone further identifies P. Gerald Foote & Assoc., KBA, Inc., SW Gaming, LLC, Churchill Downs, and Advanced Roofing as potential fault parties, and hereby gives notice to Plaintiff and this Court of its intent to rely upon the fault and/or comparative fault of said entities in defense of Plaintiff's allegations against it. Said acts, omissions, and negligence on the part of any one of these other entities would bar any recovery by Plaintiff against Malone, or, in the alternative, proportionally reduce any recovery against Malone under the doctrine of comparative negligence and/or comparative fault.

## FIFTH DEFENSE

Malone avers that the damages and/or losses alleged by Plaintiff were caused, in whole or in part, by Malone avers that the damages and/or losses alleged by Plaintiff were caused by Plaintiff's and/or its insured's failure to mitigate.

## SIXTH DEFENSE

Malone states that the project was completed in accordance with the plans and specifications, that its work was approved by the architect of record, that Plaintiff accepted Malone's work, and that Plaintiff's claims are, therefore, barred.

## SEVENTH DEFENSE

Malone asserts the defenses of intervening and/or superseding cause with respect to the cause of the accident or occurrence in question.

## EIGHTH DEFENSE

Malone pleads all statutes of limitation and/or statutes of repose that are applicable to this cause of action.

## NINTH DEFENSE

Malone pleads waiver, estoppel and laches with respect to the allegations set forth in Plaintiff's Complaint.

## TENTH DEFENSE

Malone reserves the right to amend its Answer and Affirmative Defenses after investigation, discovery and further information is disclosed to Malone to enable it to properly answer Plaintiff's Complaint and defend the claims asserted herein against it.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, E. Cornell Malone Corporation d/b/a Malone Roofing, LLC, respectfully prays that Plaintiff take nothing by this action, and that said Defendant be dismissed with its costs and with any and all other relief to which it may be justly entitled. Defendant hereby respectfully demands a jury on any and all issues so triable.

This, the 30th day of January, 2012.

Respectfully Submitted,

 s/ Jay M. Atkins
JAY M. ATKINS # 100513
H. CASE EMBRY # 102311
LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC
1202 Office Park Drive, Suite B
Oxford, MS 38655
(662) 236-7705
(662) 236-7706 (fax)
Attorneys for Defendant
jay.atkins@leitnerfirm.com
case.embry@leitnerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January 2012, a copy of the foregoing electronically filed instrument was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Charles S. Tindall, III, Esq.
Heath S. Douglas, Esq.
LAKE TINDALL, LLP
127 Poplar Street
P.O. Box 918
Greenville, MS 38702-0918
ctindalliii@ltindall.com
hdouglas@ltindall.com


Albert G. Dugan, Esq.
COZEN O'CONNOR
Suntrust Plaza, Suite 2200
303 Peachtree Street NE
Atlanta, GA 30308
adugan@cozen.com

                                                   s/ Jay M. Atkins
                                                   Jay M. Atkins